1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY DEAN JENT,                              No.  2:14-cv-01033 KJM

12              Appellant,

13         v.                                        ORDER

14    NORTHERN TRUST COMPANY,

15              Appellee,

16

17    In re:  LARRY DEAN JENT,

18              Debtor.

19

20         On September 15, 2014, the Clerk of the Bankruptcy Court notified this court that

21    the record on appeal was incomplete in that it did not include a designation of record, statement

22    of issues, reporter's transcript or notice regarding the transcript.  Notice, ECF No. 3.

23         On October 2, 2014, this court directed appellant to show cause why the appeal

24    should not be dismissed as the result of his failure to pursue it.  Order, ECF No. 4.  Appellant has

25    not responded to the order.

26         Before this court can dismiss the appeal for appellant's failure to prosecute, it must

27    weigh five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's

28

                                              1

1    need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

2    favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."

3    *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1451 (9th Cir. 1994).

4            Although the appeal has not been pending long, appellant has taken no steps to

5    proceed and has not responded to the court's order asking for an explanation.   His complete

6    failure to act suggests the case will not be pursued expeditiously.   Appellant's inaction also

7    implicates this court's ability to manage its docket, because the court will be required to issue

8    additional administrative orders and periodically check on the status, if any, of appellant's efforts.

9            The court does not perceive any prejudice to appellee from appellant's failure to

10   act, but "'the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the

11   absence of a showing of actual prejudice to the defendant from the failure . . . . The law presumes

12   injury from unreasonable delay.'" *In re Eisen*, 31 F.3d at 1452-53 (quoting *Anderson v. Air West,*

13   *Inc*., 542 F.2d 522, 524 (9th Cir. 1976)).   Appellant has not responded to the order to show cause

14   and so has not rebutted the presumed prejudice from his delay.

15           "Although there is indeed a policy favoring disposition on the merits, it is the

16   responsibility of the moving party to move towards that disposition at a reasonable pace, and to

17   refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co*., 942 F.2d 648, 652

18   (9th Cir. 1991); *Montague v. Perez*, No. CV 13–1677–GHK(CW), 2014 WL 6841694, at *2

19   (C.D. Cal. Dec. 2, 2014).   Accordingly, the policy favoring resolution of litigation on the merits

20   does not outweigh appellant's failure to take the necessary steps to pursue his appeal.

21           Finally, the court has considered and rejected other sanctions.   Appellant has done

22   nothing since he filed the notice of appeal and has ignored this court's order, warning him of the

23   possibility of dismissal.   This factor, in combination with the others considered, favors dismissal.

24           IT IS THEREFORE ORDERED that this appeal is dismissed and the case is

25   closed.

26   DATED:  December 16, 2014.

27   _____

28                                   UNITED STATES DISTRICT JUDGE

2